IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(GREENBELT DIVISION)

| | |
|---|---|
| MARLIN VAN HORN, JR., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )  Case No. _____ |
| SYMANTEC CORPORATION, | )<br>) |
| Defendant. | )<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant, Symantec Corporation ("Symantec"), hereby removes Case No. 403725-V from the Circuit Court in Montgomery County, Maryland, to the United States District Court for the District of Maryland (Greenbelt). As grounds for removal of this case, Symantec states as follows:

### PROCEDURAL BACKGROUND AND STATEMENT OF THE CASE

1.  On April 9, 2015, Plaintiff, Marlin Van Horn ("Mr. Van Horn" or "Plaintiff"), filed a Complaint in the Circuit Court for Montgomery County, Maryland captioned *Van Horn v. Symantec Corporation*, Civil Case No. 403725-V (the "State Court Action"). **Exhibit A** (Complaint with related papers).

2.  Symantec was served, via certified, first-class mail, with the summons and Complaint on April 21, 2015, along with related papers. *See* **Exhibit B** (service envelope), **Exhibit C** (Summons), **Exhibit D** (Notice of Scheduling Hearing and Order of Court – Track 3).

3. Mr. Van Horn alleges that he worked for Symantec from 2004 until 2014. Exhibit A at ¶¶ 6 and 10. Mr. Van Horn further alleges that Symantec terminated the Plaintiff's employment in 2014. *Id.* at ¶ 10.

4. According to Mr. Van Horn, Symantec promised to pay him a severance payment in the amount of $127,783.40. *Id.* at ¶¶ 8-9. But, Mr. Van Horn posits, Symantec now refuses to pay that sum due to certain offsets with which Mr. Van Horn disagrees. *Id.* Critically, albeit incorrectly, Mr. Van Horn contends that there is no *bona fide* dispute about whether the alleged severance payment is actually due to him. *Id.* at ¶ 10.

5. Mr. Van Horn asserts two claims against Symantec. *First*, Mr. Van Horn posits that he and Symantec had a valid and binding contract for the severance payment. Thus, Mr. Van Horn asks the Court to enforce that agreement. *Id.* at ¶¶ 16-21. *Second*, Mr. Van Horn contends that this unpaid severance payment constitutes wages under Maryland law. *Id.* at ¶ 23. As such, absent a *bona fide* dispute, Symantec's (alleged) failure to pay Mr. Van Horn wages when they were (allegedly) due may entitle Mr. Van Horn to treble damages under Maryland's wage law. *See id.* at ¶¶ 23-25.

6. For a remedy, Mr. Van Horn seeks: (a) a judgment against Symantec in the amount of $127,783.40 in commissions; (b) punitive damages in the amount of $250,000; (c) unspecified "treble damages of the amounts wrongfully withheld"; and (d) the attorneys' fees and costs incurred in connection with filing this action. *Id.* at ¶¶ 23-25.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A)

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Mr. Van Horn resides in Maryland. *Id.* at 7 (emphasis added). For diversity purposes, a corporation like Symantec resides (a) in the state in which it is incorporated, *and* (b) if different from (a), in the

state in which it maintains its principle place of business. Symantec is incorporated under the laws of the State of Delaware. It maintains its principle place of business in California. *Id.* at ¶ 2. Thus, for diversity purposes, Symantec resides in Delaware and California (not Maryland). Accordingly, complete diversity exists because Mr. Van Horn and Symantec. *Id.* at ¶¶ 1-2.

8. Moreover, the amount in dispute in this case exceeds the diversity jurisdiction floor of $75,000. *Compare* 28 U.S.C. § 1332(a) *with* Exhibit A at ¶¶ 10-12. (Mr. Van Horn seeks $127,783.40 in compensatory damages for an alleged breach of contract, $250,000 in punitive damages, treble damages, and attorney's costs and fees.).

**ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

9. Pursuant to 28 U.S.C. § 1446 and this Court's Local Rule 103.5(a), a true and correct copy of all papers from the State Court Action (*i.e.*, process, pleadings, orders, and documents) are attached to this Notice of Removal. Exhibits A - D.

10. Symantec also will file true and legible copies of all other documents on file in the State Court Action, as well as a certification pursuant to Local Rule 103.5(a), within 30 days of filing of this Notice of Removal.

11. This Notice of Removal has been filed within thirty (30) days of the date on which Symantec was served with the Summons and Complaint in this matter (April 21, 2015). Removal, therefore, is timely in accordance with 28 U.S.C. § 1446(b).

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a). The United States District Court for the District of Maryland (Greenbelt Division) is the federal judicial district encompassing the Circuit Court for Montgomery County, Maryland, where Mr. Van Horn filed the State Court Action.

## CONCLUSION

For these reasons and for any other reasons that the Court deems to be just and proper, Symantec respectfully removes the State Court Action to this Court. By filing this Notice of Removal, Symantec does not waive any objections it may have regarding service of process, jurisdiction or venue, or, more generally, any other legal or affirmative defenses or objections it may have to this action. The inclusion of facts, as alleged in the Complaint, in this Notice of Removal is neither intended to be nor should be construed as Symantec's admission or denial of the veracity of those statements. Symantec will respond to those statements at a time consistent with the Federal Rules of Civil Procedure.

Dated: May 21, 2015

Respectfully Submitted,

**POLSINELLI PC**

_____
Noam B. Fischman (Bar No. 16311)
POLSINELLI PC
1401 Eye Street N.W., Suite 800
Washington, D.C. 20005
Phone: (202) 626-8360
Fax: (202) 783-3535
nfischman@polsinelli.com

*Counsel for the Symantec Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of May, 2015, I caused a true and correct copy of the foregoing NOTICE OF REMOVAL to be sent to counsel for the Plaintiff, as follows:

**VIA FIRST CLASS MAIL, POSTAGE PREPAID**
Barton D. Moorstein
BLANK, MOORSTEIN & LIPSHUTZ, LLP
111 Rockville Pike, Suite 400
Rockville, Maryland 20850
(301) 279-2200– Tel.

*Attorney for Plaintiff*

_____
Noam B. Fischman