IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| MARLIN VAN HORN, JR.<br>13604 Daphney Horse Court<br>Rockville, Maryland 20850<br><br>   Plaintiff<br><br>v.<br><br>SYMANTEC CORPORATION<br>6750 Alexander Bell Drive<br>Columbia, Maryland 21046<br><br>**SERVE RESIDENT AGENT:**<br><br> CSC-Lawyers Incorp. Service<br> 7 St. Paul Street<br> Suite 820<br> Baltimore, Maryland  21202<br><br>   Defendant | *<br>*<br>*<br>*<br>* Civil No. 4035125V<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

RECEIVED
APR 06 2015
Clerk of the Circuit Court
Montgomery County, Md.

### COMPLAINT

COMES NOW Plaintiff, MARLIN VAN HORN, JR., through counsel, Blank, Moorstein & Lipshutz, L.L.P., and Barton D. Moorstein, Esquire, and for a Complaint against the Defendant, SYMANTEC CORPORATION, states as follows:

1. Plaintiff, MARLIN VAN HORN, JR. (hereinafter referred to as "Van Horn"), is an adult resident and citizen of the State of Maryland.

**EXHIBIT A**

2. Defendant, SYMANTEC CORPORATION (hereinafter referred to as "Symantec"), has its principal place of business in the State of California.

3. Symantec transacts business and services in the State of Maryland.

4. Symantec performs work and services in the State of Maryland.

5. Symantec contracts to supply services in the State of Maryland.

6. Since on or about 2004, Van Horn has been employed by Symantec as an Account Manager, and for the past several years has been a Senior Account Manager, and performs sales services for Symantec.

7. Consistent with Van Horn's employment by Symantec, Van Horn has provided substantial revenue through his sales efforts for the benefit of Symantec including especially, but not limited to, participating in a sale of software related to Carahsoft and the Department of Health and Human Services, Centers for Medicare and Medicaid Services (hereinafter referred to as "CMS").

7. Pursuant to the terms of employment between Van Horn and Symantec, Van Horn was entitled to and received a substantial commission for his contributions in connection with

a sale of software related to Carahsoft and CMS.

8. That further in connection with his employment, Van Horn is entitled to a severance payment in the event of a separation of employment arising from no-fault of the employee.

9. At all times relevant hereto, Van Horn successfully fulfilled all his contractual obligations to Symantec.

10. On or about 2014, Symantec, through no fault of Van Horn, and solely for corporate reorganization reasons, elected to terminate Van Horn's employment effective April 3, 2015.

11. On February 10, 2015, Symantec acknowledged an obligation to pay Van Horn's severance in the amount of $127,783.40, to be paid in a lump sum to him.

12. That thereafter, Symantec erroneously demanded from Van Horn a return of commissions in the amount of $118,955.38, arising because of an internal bookkeeping revision at Symantec arising out of, and in connection with, the sale of software related to Carahsoft and CMS.

13. That solely for internal bookkeeping purposes, Symantec, while still receiving revenue and obtaining all of the benefits of the sale in which Van Horn participated arising out of, and in connection with, the sale of software related to Carahsoft and CMS, recharacterized the internal bookkeeping entry as a "de-book" and demanded repayment of the commissions

already earned by Van Horn.

14. That as a result of this recharacterization, Symantec has failed and refused to pay Van Horn the severance to which he is entitled.

15. Symantec has failed and refused to acknowledge its obligation to continue to pay Van Horn in accordance with the terms of their Employment Agreement.

## COUNT I
### (Breach of contract)

16. The allegations contained in paragraphs 1 through 15 are hereby incorporated herein by reference as if fully set forth herein.

17. Symantec owed a contractual obligation to Van Horn pursuant to the Employment Agreement and commission schedule, whereby Van Horn agreed to render services to Symantec, and, in return, Symantec agreed to pay Van Horn a severance based upon his years of service and compensation package.

18. Symantec has materially breached its contractual obligations to Van Horn by failing to pay Van Horn his severance.

19. Van Horn has incurred a substantial loss as a result of the breach of contract by Symantec.

20. Symantec is withholding Van Horn' severance without reason and without cause and not as a result of a bona fide

dispute.

21. Said actions of Symantec are malicious, willful and with the intent to harm Van Horn. Accordingly, Van Horn is entitled to punitive damages.

WHEREFORE, under Count I hereof, Plaintiff MARLIN VAN HORN, JR., requests that this Honorable Court enter a judgment against the Defendant in the amount One Hundred Twenty Seven Thousand Seven Hundred Eighty-Three Dollars and Forty Cents ($127,783.40) in commissions, punitive damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), the costs of this litigation, as well as reasonable attorney's fees.

## COUNT II
### (Statutory violation)

22. The allegations contained in paragraphs 1 through 21 are hereby incorporated herein by reference as if fully set forth herein.

23. Maryland Annotated Code, Labor & Employment Article, §3-501, et seq., provides that if an employer withholds the wages of an employee in violation of this subtitle and not as a result of a bona fide dispute, the Court may award the employee an amount not exceeding three times the wage, and reasonable counsel fees and other costs.

24. Van Horn earned severance from Symantec which has not been paid.

25. Symantec has wrongfully withheld Van Horn's severance in violation of the law and not as a result of a bona fide dispute between them.

23. Van Horn is entitled to treble damages of the amounts wrongfully withheld and/or withheld not as a result of a bona fide dispute.

24. Van Horn is entitled to attorney's fees incurred in connection with the bringing of this Complaint.

WHEREFORE, under Count II hereof, Plaintiff MARLIN VAN HORN, JR., requests that this Honorable Court enter a judgment against the Defendant, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) in severance, treble damages, the costs of this litigation, as well as reasonable attorney's fees.

Respectfully submitted,

BLANK, MOORSTEIN & LIPSHUTZ, L.L.P.

_____
Barton D. Moorstein, Esquire
111 Rockville Pike, Suite 400
Rockville, Maryland 20850
301-279-2200
Attorney for Plaintiff